UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**G&G CLOSED CIRCUIT EVENTS, LLC,**

   Plaintiff,

v.                                                           **No. 4:22-cv-00986-P**

**NO TE LEVANTES HONEY, LLC, ET AL.,**

   Defendants.

## OPINION & ORDER

Before the Court is Plaintiffs' Motion for Default Judgment. ECF No. 11. For the following reasons, the Court **GRANTS in part** and **DENIES in part** the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

This case arises from a prize fight. On November 2, 2019, Santos Saul Alvarez Barragan, known to most as Canelo Alvarez, fought Sergey Kovalev (the "Event"). As with any Canelo fight, millions of fans tuned in to watch the pay-per-view and a large percentage of viewers—including Defendants—likely did so illegally. Plaintiff G&G Closed Circuit Events, LLC ("G&G") had the exclusive rights to sublicense the right to exhibit the Event. Thus, every illegal stream or pirated link cut into their bottom line.

Plaintiff claims that Defendants' restaurant—No Te Levantes Honey (the "Establishment")—used a pirated stream to show the fight to their patrons in violation of federal law. On the night of the event, Plaintiff sent an auditor to the Establishment to view the potential violation. The auditor claims to have seen the Event showing at the Establishment. Plaintiff later found out that the Event was also advertised on the Establishment's social media beforehand.

Because of these violations Plaintiff sued. Defendants, however, failed to respond. The Clerk issued entry of default as a result. The Court now reviews this Motion for Default Judgement.

## LEGAL STANDARD

A plaintiff may move for default judgment under Federal Rule of Civil Procedure 55. FED. R. CIV. P. 55(a). Courts use a three-step analysis to determine whether a party can secure a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). *First*, a party must fail to respond or otherwise defend against an action. *Id. Second*, an entry of default must be entered when the default is established by affidavit or otherwise. *Id. Third*, a party must apply to the court for a default judgment. *Id*.

## ANALYSIS

### A. Procedural Requirements

The Court must now determine whether default is procedurally warranted here. In doing so, the Court considers whether: (1) there is an issue of material fact; (2) substantial prejudice is present; (3) proper grounds for default are clearly established; (4) the defaulting party made a good faith mistake or committed excusable neglect; (5) default judgment would be a harsh remedial measure; and (6) the Court would feel obligated to set aside default upon a defendant's motion. *See Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998).

*First*, Plaintiff filed a well-pleaded complaint alleging facts that raise a right to relief. Because Defendants have failed to answer or otherwise respond, they admit Plaintiff's non-conclusory allegations, except those relating to the amount of damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th. Cir. 2002). *Second,* Defendants' failure to answer or otherwise respond to the complaint brought the adversarial process to a halt, causing substantial prejudice to Plaintiff and its claims. In the inverse, Defendants have had ample opportunity to answer or otherwise respond and they face no substantial prejudice in doing so. *Third*, Defendants' continued failure to participate in this litigation establishes

the requisite grounds for default. *Fourth,* there is no reason to believe that Defendants are acting under a good-faith mistake or excusable neglect given they have made no efforts to reply nor expounded any communications to either this Court or the Plaintiff. *Fifth*, a default judgment is not deemed harsh because it is the exact procedural device necessary for the Court to maintain its docket's efficiency. *See Arch Ins. Co. v. WM Masters & Assoc., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *3 (N.D. Tex. Jan. 14, 2013).

Plaintiff properly served Defendants, Defendants have failed to appear, and Defendants are in default. Such circumstances satisfy the procedural requirement for default judgment under Rule 55(b)(2). *Sixth*, nothing in the record suggests the Court would set aside its default if Defendants moved for such relief.

The Court concludes that default is procedurally warranted.

## B. Entitlement to Judgment

The Court next assesses whether the factual content of the pleadings provide a sufficient basis for default judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Although defendants in default are considered to have conceded the allegations in the plaintiff's complaint, the Court must evaluate the pleadings to ensure the complaint's sufficiency. *Id.* at 1201. District courts refer to Federal Rule of Civil Procedure 8 to determine the adequacy of pleadings. *See Wooten v. McDonald Transit Assocs.*, Inc., 788 F.3d 490, 498 (5th Cir. 2015) (recognizing that a pleading complying with Rule 8 is sufficient for default judgment under Rule 55). Under Rule 8(a)(2), a pleading must provide a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(A)(2). The pleadings must ultimately give Defendants sufficient notice of the claims alleged against them and their underlying bases. *See Wooten*, 788 F.3d at 498. While the factual allegations need not be exhaustive, they must raise a right to relief beyond mere speculation and offer more than unsubstantiated accusations. *Id*.

In this case, Plaintiff alleges that Defendants violated 47 U.S.C. § 605 and that Plaintiff is entitled to relief. Section 605 of the Federal

Communications Act governs the "unauthorized publication or use of communications." 47 U.S.C. § 605. It states in full:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.
>
> No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.
>
> No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

*Id.*

In short, a party violates Section 605 by "[the] unauthorized interception of satellite or cable transmissions." *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 815 (N.D. Tex. 2015). Plaintiff's complaint easily demonstrates this level of violation.

Plaintiffs allege that "Defendants intercepted and received or assisted in the interception and receipt of the transmission of the Event, and broadcast or assisted in the broadcast of the Event to the patrons of Defendants' Establishment." See ECF No. 11-1 at 8. As evidence of this, Plaintiff claims via sworn affidavit that an "[a]uditor entered Defendants' Establishment and personally observed the Event being exhibited on one of the television[s] to the patrons inside of Defendants' Establishment." See *Id.* at 40. The auditor further claims that he "personally witnessed the fifth (5th) round of the Blair Cobbs and Carlos Ortiz undercard bout." *Id.* Lastly, Plaintiff claims the Establishment

4

advertised on social media that "the Event would be shown at the Establishment." See *Id.* at 69.

Plaintiff properly establishes that a violation of Section 605 of the Federal Communications Act occurred. The Court next turns to analyze the applicable damages.

## C. Entitlement to Damages

When a defendant defaults, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *Jackson,* 302 F.3d at 525. Damages must be proven by a hearing or a demonstration of detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979*).* However, a hearing is unnecessary if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents. *Id.*

Here, Plaintiff requests three types of damages: (1) statutory; (2) punitive; and (3) attorney's fees. See ECF No. 11 at 3. The Court addresses the validity of each in turn.

1. <u>Statutory Damages</u>

Because Plaintiff has established that Defendants displayed an intercepted communication, it may elect to recover statutory damages for this violation under 47 U.S.C. § 605(e)(3)(C)(i). The statutory sum available is "not less than $1,000.00 or more than $10,000.00." 47 U.S.C. § 605(e)(3)(c)(i)(II). If the Court finds that a violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," it may, in its discretion, increase the damage awarded by an amount of not more than $100,000. *Id*. An aggrieved party who prevails shall receive full costs, including reasonable attorney's fees. § 605(e)(3)(B)(iii).

Plaintiff seeks the maximum statutory sum of $10,000. The record supports this request. Once again, Plaintiff provides sufficient evidence of Defendants' violation via affidavit. The auditor was present and saw the violation along with the social media posts advertising the event.

5

Accordingly, the Court **GRANTS** Plaintiff's request for statutory damages and finds that $10,000 is an appropriate amount.

### 2. Punitive Damages

If a violation was committed "willfully" or "for the purpose of direct or indirect commercial advantage or private financial gain," the court may increase damages by "not less than $10,000.00 and not more than $100,000.00." 47 U.S.C. § 605(e)(3)(c)(ii).

The record shows that there were already a dozen people present for just the undercard fights at the Establishment. See ECF No. 11-1 at 40. This undoubtedly led to commercial advantage and private financial gain. Further, the willful nature of the violation is evident due to Defendants having advertised the broadcast in advance on social media. *Id.* at 69. This was not a rogue employee with control of an HDMI cord, this was an intentional broadcast, advertised beforehand, for the purpose of increasing business at the Establishment. The record thus supports an additional damages award of $10,000 for a willful violation. Accordingly, the Court **GRANTS** Plaintiff's request for additional damages and awards Plaintiff the sum of $10,000. The Court now turns to address Plaintiff's request for attorney's fees.

### 3. Attorney's Fees

Plaintiff requests an award of attorney's fees. And as the prevailing party, Plaintiff is entitled to an award of its costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). Thus, Plaintiff requests either (1) "an award of one-third of the actual and additional damages awarded to Plaintiff for the prosecution of this action through the final judgment requested" or (2) attorney's fees based on the hourly time presented. ECF No. 11 at 12—13.

Plaintiff presents the affidavit of its counsel, David M. Diaz, in which he estimates his fee to be $2,400 for his time and work on this case. See ECF No. 11-1 at 52. This sum is based on a rate of $300 per hour and approximately eight hours of work. *Id.* Given this estimate, as well as the evidence and circumstances of the case, the Court finds Plaintiff's

request for $2,400 in attorney's fees to be more reasonable than a one-third contingency fee ($6,600).

Although Plaintiff has not offered invoices or other evidence supporting the number of hours its attorney worked on this case, the Court accepts as reasonable Mr. Diaz's estimate of his time and rates given his experience with anti-piracy cases as well as the authorities he provides. *Id.* at 47—55. Accordingly, the Court makes no adjustment to these figures and **GRANTS** Plaintiff's request for attorney's fees in the sum of $2,400.

### 4. Costs and Post-Judgment Interest

While Plaintiff is entitled to recover its costs, Plaintiff has neglected to specify the amount of costs it seeks to recover. Moreover, Plaintiff does not provide any evidence establishing the costs it has incurred. As the Court is unable to determine the sum of the costs sought or the manner in which such a sum can be computed, it **DENIES** Plaintiff's request for costs at this time. Plaintiff may, however, provide supplementary briefing and evidence establishing the amount of costs it seeks.

The Fifth Circuit has consistently held that an equitable award of prejudgment interest should be granted to a prevailing plaintiff in "all but exceptional circumstances" *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1057 (5th Cir. 1996). Given there are no apparent exceptional circumstances in this case, the Court will **GRANT** plaintiff's request for post-judgment interest at a rate of 5.45% on all amounts awarded herein.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Final Default Judgment. ECF No. 11. In particular, the Court:

- **GRANTS** Plaintiff's requests for statutory damages in the amount of $10,000 and for additional damages in the amount of $10,000, for a total award of $20,000;
- **GRANTS** Plaintiff's request for attorney's fees in the amount of $2,400;

7

- **DENIES** Plaintiff's request for costs of court, pending supplementation of the record;
- **GRANTS** Plaintiff's request for post-judgment interest at the rate of 5.45% on all amounts awarded herein.

If Plaintiff provides supplementary briefing and evidence in support of its request for court costs, it is **ORDERED** to do so **on or before October 28, 2023.**

**SO ORDERED** on this **28th day of September 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE